UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LG CAPITAL FUNDING,

                Plaintiff,

v.

E-WASTE SYSTEMS, INC.,

                Defendant.

**ORDER**

20 Civ. 4474 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff LG Capital Funding, LLC brings claims against Defendant E-Waste Systems, Inc. for breach of contract and unjust enrichment. (Cmplt. (Dkt. No. 1)) Plaintiff LG Capital alleges that E-Waste has breached two convertible redeemable notes purchased pursuant to a Securities Purchase Agreement. (Id. ¶¶ 6-47)

        On November 19, 2020, this Court entered an order of default against Defendant, and referred the case to the assigned magistrate judge for purposes of conducting an inquest as to damages. (Dkt. No. 22) Magistrate Judge Barbara C. Moses has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages. (Dkt. No. 32)

## BACKGROUND

### I. FACTS

        On March 20, 2014, Plaintiff LG Capital and Defendant E-Waste entered into a Securities Purchase Agreement, "which provided for the purchase and issuance of two 8% convertible notes in the aggregate principal amount of $168,000.00 (with each note being in the amount of $84,000.00)." (Id. ¶ 7) That same day, per the Securities Purchase Agreement, E-

Waste issued Plaintiff two notes. (Id. ¶¶ 8-9) On March 25, 2014 and September 29, 2014, Plaintiff "funded" both notes pursuant to a "Disbursement Memorandum." (Id. ¶¶ 12-13)

On November 13, 2014, Plaintiff "submitted a notice of conversion, seeking to convert $5,220.00 in principal and $266.58 in accrued interest of Note 1, [at a conversion price of $0.006 per share,] into 914,430 shares of [E-Waste] Common Stock." (Id. ¶¶ 21, 42) E-Waste did not deliver the shares by the end of November 18, 2014, as was required under the terms of Note 1. (Id. ¶ 43)

According to Plaintiff, E-Waste's failure to deliver to Plaintiff "the Common Stock [due to Plaintiff] . . . within 3 business days of its receipt of [LG Capital's] Notice of Conversion" constitutes an "Event of Default" under the Notes. (Id. ¶¶ 23-24) Plaintiffs further contend that E-Waste committed an Event of Default by arranging for an administrative law judge to have "'the registration of each class of registered securities . . . REVOKED,'" such that the E-Waste's common stock became delisted by the Securities and Exchange Commission. (Id. ¶ 36 (emphasis in original) (citation omitted))

According to Plaintiff, the "Events of Default" – which "occurred on November 18, 2014, March 20, 2015, April 17, 2015, December 31, 2015, and May 22, 2019" – each triggered a 24% default interest obligation. (Id. ¶ 37) "Default Interest at a rate of 24% has [thus] accrued and continues to accrue from November 18, 2014 to date." (Id. ¶ 38) E-Waste has not "tendered payment of the Notes' outstanding principals and accrued interest." (Id. ¶ 39)

## II.    PROCEDURAL HISTORY

The Complaint was filed on June 11, 2020, and asserts claims for breach of contract and unjust enrichment. (Cmplt. (Dkt. No. 1) at 11-13)

The Clerk of Court issued a certificate of default as to Defendant E-Waste on September 9, 2020. (Cert. of Default (Dkt. No. 11)) On October 27, 2020, this Court directed Defendant to show cause by November 19, 2020, why a default judgment should not be entered against it. (Dkt. No. 20) Defendant did not respond to the show cause order, and did not appear for the November 19, 2020 hearing. (Order of Default (Dkt. No. 22) at 1)

After the November 19, 2020 hearing, this Court entered an order of default against Defendant, and referred this case to Judge Moses for an inquest on damages. (Order of Default (Dkt. No. 22) at 2)

In a November 20, 2020 order, Judge Moses directed Plaintiff to submit proposed findings of fact and conclusions of law, and supporting documents, by January 20, 2021. Defendant was directed to serve any response by February 22, 2021. (Dkt. No. 24) On January 20, 2021, Plaintiff filed an inquest memorandum and supporting declarations. (Dkt. Nos. 25-29)

On September 16, 2021, Judge Moses directed Plaintiff to file on the docket proof of service of the November 20, 2020 order on the Defendant. (Dkt. No. 30) On September 17, 2021, Plaintiff filed proof of service of the November 20, 2020 order and the September 16, 2021 order. (Dkt. No. 31)

On December 10, 2021, Judge Moses issued a report and recommendation ("R&R") recommending

> the following damages: (1) for defendant [E-Waste]'s breach of Note 1, the sum of $73,799.83 (comprising $16,688.35 in expectation damages stemming from [D]efendant's failure to honor the November 13 Notice, $54,280 in remaining principal, and $2,831.48 in regular interest on that principal through November 18, 2014), plus default interest at a rate of $35.69 per day from November 19, 2014 to the date on which judgment is entered; (2) for [D]efendant's breach of Note 2, the sum of $84,920.55 (comprising the $84,000 principal on the note and $920.55 in regular interest on that principal through November 18, 2014), plus

3

default interest at a rate of $55.23 per day from November 19, 2014 to the date on which judgment is entered; and (3) attorneys' fees and costs in the amount of $10,744.80.

(R&R (Dkt. No. 32) at 19)

The R&R states that "[t]he parties shall have fourteen days from [December 10, 2021] to file written objections," and that "[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review." (R&R (Dkt. No. 32) at 20) Plaintiff served a copy of the R&R on Defendant on March 8, 2022. (Dkt. No. 34)

No party has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

4

## **DISCUSSION**

The R&R recites the appropriate deadlines for submission of objections and the consequences for failing to do so:

> The parties shall have fourteen days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). <u>See also</u> Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Paul G. Gardephe at 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned magistrate judge. Any request for an extension of time to file objections must be directed to Judge Gardephe. <u>Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.</u> See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Frydman v. Experian Info. Sols., Inc.</u>, 743 Fed. App'x 486, 487 (2d Cir. 2018) (summary order); <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

(R&R (Dkt. No. 32) at 20 (emphasis in original)) Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to the R&R. Because no party has filed objections to Judge Moses's R&R, the parties have waived judicial review. This Court has, however, reviewed Judge Moses's twenty-page R&R.

As to the breach of Note 1, Judge Moses recommends that Plaintiff "be awarded $16,688.35 in expectation damages stemming from [D]efendant's failure to honor the November 13 Notice; $54,280 in remaining principal; $2,831.48 in regular interest on that principal (at 8%) through the date of default; and $35.69 per day in additional default interest (at 24%) thereafter, from November 19, 2014 through the date on which judgment is entered." (R&R (Dkt. No. 32) at 15)

For the breach of Note 2, Judge Moses recommends that Plaintiff "be awarded $84,000 in principal; $920.55 in regular interest on that principal (at 8%) through the date of default; and $55.23 per day in additional default interest (at 24%) thereafter, from November 19, 2014 through the date on which judgment is entered." (<u>Id.</u> at 16)

5

Judge Moses further recommends that Plaintiff be awarded attorneys' fees of $10,000 and $744.80 in costs.  (Id. at 19)

Upon review, this Court finds that Judge Moses's twenty-page R&R is thorough and well-reasoned.  Accordingly, the R&R will be adopted.

## CONCLUSION

The R&R is adopted in its entirety.  Plaintiff is awarded (1) $158,720.38 in damages for the breach of Note 1 and the breach of Note 2; (2) $127,127.78 in default interest as to Note 1; (3) $196,729.26 in default interest for Note 2; and (4) $10,744.80 in attorneys' fees and costs.  In total, Plaintiff is awarded $493,322.22.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
       August 19, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge